

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# Frias-Gomez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1401

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Frias-Gomez v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1401
_____

JOSE FRIAS-GOMEZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A36 827 326
Immigration Judge: Henry Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2008
Before: MCKEE, NYGAARD and ROTH, Circuit Judges

(filed: May 20, 2008  )
_____

OPINION
_____

PER CURIAM

       Jose Frias-Gomez petitions for review of an order of the Board of Immigration

Appeals (BIA), which dismissed his appeal of an Immigration Judge's finding that he is

ineligible for a waiver of inadmissibility under former section 212(c) of the Immigration

and Nationality Act. We will deny the petition for review.

I.

Frias-Gomez is a native and citizen of the Dominican Republic. He entered the United States in 1980 at the age of 11. In 1993, he was convicted of possession of a controlled dangerous substance with intent to distribute. He was found deportable by an Immigration Judge (IJ) on the basis of that conviction on April 22, 1997. He also applied for § 212(c) relief, but the IJ found he was not eligible based on the current law. Frias-Gomez reserved his right to appeal, and was told he had until May 21, 1997 to appeal. However, he was deported to the Dominican Republic on May 9, 1997.

Several years later, he attempted to reenter the U.S. with a false passport and was charged with illegal reentry. A federal judge dismissed the illegal reentry charge, finding that there were fundamental errors with Frias-Gomez's deportation case; namely, that he was deported before he could appeal to the BIA and reassert his eligibility for § 212(c) relief. United States v. Frias-Gomez, 262 F. Supp. 2d 11 (E.D. N.Y. 2003). On May 22, 2003, Frias-Gomez pled guilty to the lesser charge of use of a counterfeit passport. He was sentenced to time served (about 6½ months), and was then placed in the custody of Immigration and Customs Enforcement.

On August 11, 2003, an IJ granted Frias-Gomez's motion to reopen to apply for § 212(c) relief. The IJ found that even if Frias-Gomez was eligible for § 212(c) relief, he had not applied for any relief with regard to his 2003 conviction, which was a crime

involving moral turpitude, rendering him inadmissible. On appeal, the BIA found that the IJ lacked jurisdiction to consider the § 212(c) application, because it was filed after Frias-Gomez had been deported.

Frias-Gomez filed a habeas petition in August of 2004, which was transferred to this Court after the enactment of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231. The parties filed a joint motion for a remand, which this Court granted. Frias-Gomez v. Attorney General, C.A. No. 05-2753 (order entered March 3, 2006). On remand, the IJ found that Frias-Gomez was eligible for § 212(c) relief for his 1993 drug conviction, but that he was ineligible for (and had not applied for) any relief as to his 2003 counterfeit passport conviction. The IJ noted that he was ineligible for § 212(c) relief for the later conviction because § 212(c) had been repealed, that he was ineligible for § 240A relief because he was in deportation proceedings and had not sought to be "repapered,"[1] and that he was ineligible for § 212(h) relief because he had not filed an application to adjust status. The IJ also rejected his argument that because "the use of fraudulent documents [was] an integral part of his illegal re-entry . . . under the analysis and spirit of the holding in U.S. v. Frias-Gomez, it may not be used by the government to effect a finding of inadmissibility."

---

[1] "Repapering" refers to an election by the Attorney General to terminate deportation or exclusion proceedings pending on IIRIRA's enactment date and reinitiate proceedings under IIRIRA. See Rojas-Reyes v. INS, 235 F.3d 115, 125 (2d Cir. 2000) (explaining repapering). The effect of being repapered is to make an alien who was ineligible for suspension of deportation potentially eligible for cancellation of removal. Id.

3

On appeal, the BIA held that it could not entertain a collateral attack on Frias-Gomez's 2003 conviction and that because the record contained Frias-Gomez's 2003 judgment of conviction, the IJ did not err in "consideration of this conviction." The BIA agreed that Frias-Gomez was eligible for a § 212(c) waiver for his 1993 conviction, but noted that he had not argued he was eligible for any form of relief for his 2003 conviction. The BIA thus affirmed the IJ's decision and dismissed the appeal.

## II.

We agree with the BIA that Frias-Gomez could not properly attack his 2003 conviction in his immigration proceedings. We further agree that it does not appear that Frias-Gomez is eligible for any type of waiver or other form of relief with regard to the 2003 conviction. Thus, the Board properly affirmed the IJ's decision denying Frias-Gomez relief from deportation. We therefore will deny the petition for review.

4